UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MONTECH STUDIOS, INC.,

   *Plaintiff*,

 v.

CHIH-CHENG CHANG, *et al.*,

   *Defendants*.

Civil Action No. 23-1757 (LLA)

## MEMORANDUM OPINION AND ORDER

  Plaintiff Montech Studios, Inc. sued Defendants Chih-Cheng Chang, Jason C. Chang, Zhengjing Co., Ltd., and Autumn Gold, Inc. for breach of contract and $541,000 in damages. After several attempts at service of process, Montech Studios now moves for default judgment. For the reasons explained below, the court denies the motion without prejudice.

### I. FACTUAL BACKGROUND

  For the purposes of a default judgment motion, the court accepts the plaintiff's well-pleaded allegations as true. *Kwok Sze v. Johnson*, 172 F. Supp. 3d 112, 115 (D.D.C. 2016). Montech Studios is a software development company that is incorporated in Wyoming but maintains an office in the District of Columbia. ECF No. 1 ¶¶ 1, 6. Defendant Chih-Cheng Chang (also known as Jason C. Chang) resides in Sacramento, California. *Id.* ¶ 2. Mr. Chang owns Zhengjing Co., Ltd. and is the "authorized representative" for Autumn Gold, Inc. *Id.* ¶¶ 3-4.

  In February 2022, Montech entered a consulting contract with Zhengjing Co. and Mr. Chang to advise them "on how best to implement and grow both current and future projects." *Id.* ¶ 6. Zhengjing paid Montech a $10,000 retainer and agreed to pay all future work "within 30

days" of any issued invoice.  *Id.*  Approximately a week later, Montech invoiced Zhengjing for $82,000, which Mr. Chang promptly paid.  *Id.* ¶ 7.

Also in February 2022, Montech signed an agreement with Zhengjing and Mr. Chang to develop and deploy a cryptocurrency called "$Space Project Coin" on the Ethereum blockchain.  *Id.* ¶ 10.  After completing work on the contract, Montech invoiced Mr. Chang for $225,500, which he failed to pay.  *Id.* ¶ 11.

In March 2022, Montech signed an agreement with Autumn Gold, Inc., through Mr. Chang, to develop an online dating website for Asian men and women.  *Id.* ¶ 8.  Pursuant to that agreement, Montech sent Mr. Chang an invoice for $88,500.  *Id.*  Mr. Chang then sent two payments of $40,000 each, leaving a remainder of $8,500 unpaid.  *Id.*  In April 2022, Montech charged Mr. Chang an additional $25,000 for updates to the website, but he again failed to pay.  *Id.* ¶ 9.

In June 2022, Montech signed a fourth agreement with Mr. Chang, this time "to develop a Fantasy website and coin to be launched on the Avalanche blockchain."  *Id.* ¶ 12.  Following the project's completion, Montech invoiced Mr. Chang for $200,000, which also remains unpaid.  *Id.*

In addition to these charges, Montech also sent Defendants invoices for the following miscellaneous charges:

- TLC Asian                                    $42,000
- Space Coin project maintenance               $17,500
- TLC Asian maintenance                        $17,500
- Superiormex & TLC website                    $11,000
- Influencer search and onboarding             $ 5,000
- Social media managers                        $14,500

*Id.* ¶ 13.  While these figures add up to $566,500, Montech claims that Defendants instead owe an "undisputed and outstanding total . . . of $541,000."  *Id.*[1]

## II.     PROCEDURAL HISTORY

In June 2023, Montech sued all four Defendants seeking compensatory damages and attorney's fees.  ECF No. 1, at 4-5.  The Clerk of the Court issued summonses for each Defendant shortly thereafter.  ECF No. 3.  Montech, however, failed to serve Defendants for six months.  *See* Docket, No. 23-CV-1757 (D.D.C.).  In December 2023, the case was reassigned to the undersigned.  *Id.*  The court then issued an order requiring Montech to "show either proof of service or establish good cause for the failure to do so" by February 1, 2024.  ECF No. 4.

On January 31, 2024, Montech filed return-of-service affidavits for all four Defendants.  ECF Nos. 5, 6, 8, 9.  The affidavits stated:

> Service of the Complaint and Summons was made on Chih-Cheng Chang, Jason C[.] Chang, Jason Chang, all names of one person, Zhengling [sic], Co. Ltd., & Autumn Gold, Inc. by placing individual copies of the complaint for each defendant at 111 Vista Creek Circle, Sacramento, CA, which also serves as the personal residence of defendant Jason Chang.

ECF No. 5, at 1-2.[2]  Montech also provided the court with a link to a video purporting to depict said service.  *Id.* at 2.  Montech justified this manner of service on the grounds that Mr. Chang had "refus[ed] to accept certified mail and [three] other attempts at service."  *Id.*

---

[1] The court is unable to determine the source of the $25,500 shortfall based on the complaint.

[2] Montech spelled the first corporate Defendant's name as "Zhengjing" in the complaint but changed it to "Zhengling" in the return-of-service affidavits.  *Compare* ECF No. 1, *with* ECF Nos. 5, 6, 8, 9.  In keeping with the official captioning of the case, the court will use "Zhengjing."

3

In March 2024, Montech moved for an entry of default, ECF No. 11, and the Clerk of the Court entered default against all Defendants shortly thereafter, ECF No. 12. In May 2024, Montech moved for default judgment. ECF No. 15.

### III.  LEGAL STANDARDS

"[T]he Federal Rules of Civil Procedure provide for default judgments . . . [to] safeguard plaintiffs 'when the adversary process has been halted because of an essentially unresponsive party,'" and to protect the "the diligent party . . . lest he be faced with interminable delay and continued uncertainty as to his rights." *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005) (quoting *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). While such judgments are designed to protect plaintiffs, courts generally disfavor them because of the judiciary's "preference for resolving disputes on their merits." *Darby v. McDonald*, 307 F.R.D. 254, 257 (D.D.C. 2014) (quoting *Bennett v. United States*, 462 F. Supp. 2d 35, 38 (D.D.C. 2006)).

Federal Rule of Civil Procedure 55 requires a plaintiff to complete two steps to obtain a default judgment. *See* Fed. R. Civ. P. 55. First, the plaintiff must ask the Clerk of the Court to enter default based on a defendant's failure "to plead or otherwise defend" in response to the complaint. Fed. R. Civ. P. 55(a). Upon entry of default, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *Robinson v. Ergo Sols., LLC*, 4 F. Supp. 3d 171, 178 (D.D.C. 2014) (quoting *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002)). Second, after the Clerk of the Court has entered default, the plaintiff must file a motion for default judgment and provide notice of the same to the defaulting party. Fed. R. Civ. P. 55(b)(2).

A default judgment, however, can only be entered against a defendant who has been properly served. *See, e.g.*, *Scott v. District of Columbia*, 598 F. Supp. 2d 30, 36 (D.D.C. 2009).

This is because "a defendant's obligation to respond to a complaint arises only upon service of the summons and complaint." *Id.* (citing Fed. R. Civ. P. 12(a)).  Without proper service, the court "lack[s] the power to assert personal jurisdiction over a defendant" and any resulting judgments are void.  *Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012).  The plaintiff bears the burden of proving that service was proper under Rule 4.  Fed. R. Civ. P. 4(c)(1); *see Mann*, 681 F.3d at 372.

## IV.   DISCUSSION

Here, the court must deny Montech's motion for default because Montech has failed to properly serve Defendants.  Start with Mr. Chang.  Under Rule 4(e), a plaintiff may serve an individual by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Montech represents that it "plac[ed] individual copies of the complaint for each defendant at 111 Vista Creek Circle, Sacramento, CA, which also serves as the personal residence of [Mr.] Chang."  ECF No. 5, at 2.  Montech does not state that it personally served Mr. Chang, so it has not fulfilled the requirements of Rule 4(e)(2)(A).  It also does not say that it left copies of the summonses and complaint at Mr. Chang's dwelling "with someone of suitable age and discretion

5

who resides there," so it has not satisfied Rule 4(e)(2)(B), either. Nor does Montech contend that it delivered the copies to "an agent authorized by appointment or by law to receive service of process" on behalf of Mr. Chang, so it also has not satisfied Rule 4(e)(2)(C).

Montech's final resort is through Rule 4(e)(1), which permits service in accordance with the state law of "where service is made"—here, California. California's service rules largely mirror those of the Federal Rules of Civil Procedure. Under California law, for example, a "summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served." Cal. Civ. Proc. Code § 415.10. If personal service is not possible,

> a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Civ. Proc. Code § 415.20(b). Montech's attempted service on Mr. Chang fails to conform to this provision in at least two respects. First, Montech does not state that the summons and complaint were left "in the presence of a competent member of the household or a person apparently in charge of . . . [the] usual mailing address" who was "at least 18 years of age." *Id.* Second, Montech does not represent that it "thereafter mail[ed] a copy of the summons and of the complaint by first-class mail" to Mr. Chang at that address. *Id.*

Montech's attempt at service fares no better with respect to the corporate Defendants. Under Rule 4(h)(1), a plaintiff may serve a corporation in a United States federal judicial district:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

6

> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h).  As already explained, Montech's attempted service failed to comply with Rule 4(e)(1), so it was deficient under Rule 4(h)(1)(A).  Additionally, Montech does not represent that it gave the summonses for the corporate Defendants and a copy of the complaint "to an officer, a managing or general agent, or any other agent authorized . . . to receive service of process" for the corporate Defendants, so it did not comply with Rule 4(h)(1)(B).  Montech also cannot demonstrate compliance under California law (by way of Federal Rule of Civil Procedure 4(h)(1)(A)), which prescribes a virtually identical method for serving corporate entities as it does for individuals.  *See* Cal. Civ. Proc. Code § 415.20(a) (requiring that the summons and complaint "be left with a person at least 18 years of age" and be "thereafter mail[ed]" to the same address).

In short, Montech has not shown that it properly served Defendants.  And because default "cannot be entered where there was insufficient service of process," *Scott*, 598 F. Supp. 2d at 36, the court must vacate the Clerk of the Court's entry of default and deny Montech's motion for default judgment, *see Liebman v. Deutsche Bank Nat'l Tr. Co.*, 15 F. Supp. 3d 49, 60 n.8 (D.D.C. 2014) (holding that where a defendant "was improperly served, an entry of default against [the defendant] would be inappropriate").

At the same time, the court is sympathetic to Montech's repeated efforts to serve an apparently unresponsive group of Defendants.  Thus, while the court will vacate the Clerk of the Court's entry of default and deny the motion for default judgment, Montech is free to propose alternative methods of serving Defendants.  Because Rule 4(e)(1) allows service pursuant to state law, a plaintiff may request alternative service on domestic individuals and entities if the relevant state permits it.  *See Sanchez v. Yu Lin Corp.*, 2022 WL 4598653, at *4 (D.D.C. Sept. 30, 2022)

7

(permitting an alternative method of service against domestic defendants); *Birmingham v. Doe*, 593 F. Supp. 3d 1151, 1157-58 (S.D. Fla. 2022) (explaining that a plaintiff may request alternative methods of service pursuant to state law by way of Federal Rule of Civil Procedure 4(e)(1)).  Under California law, when a plaintiff has exhausted the usual methods of service, "the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court."  Cal. Civ. Proc. Code § 413.30.  Accordingly, Montech may propose such methods and include them in a motion for alternative service.  The court reminds Montech that its proposals must be "reasonably calculated to give actual notice" to Defendants and otherwise comply with federal and California law.  A repeat of its prior attempts, which have been unsuccessful to date, will be insufficient.

## V. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's Motion for Default Judgment, ECF No. 14, is **DENIED** without prejudice.  It is further **ORDERED** that the Clerk of the Court's entry of default, ECF No. 13, is **VACATED**.

**SO ORDERED.**

LOREN L. ALIKHAN
United States District Judge

Date:   March 7, 2025